NASH *v.* ROCKFORD VENEER CO.

1. SALE—PASSING OF TITLE.

   A contract for the sale of standing timber, which provides that the purchaser may cut and draw to the railway such as he selects, the same to be paid for before shipment, passes the title to timber cut and removed thereunder.

2. SAME—ESTOPPEL.

   The fact that the seller, after the purchaser has rejected and refused to pay for a portion of the timber cut and removed, asks him to comply with the contract, and not ship any until he pays for all, is not inconsistent with the understanding that title had passed.

Error to Kent; Grove, J.  Submitted April 22, 1896. Decided May 12, 1896.

*Assumpsit* by Charles Nash against the Rockford Veneer Company upon a contract for the sale of timber. From a judgment for plaintiff, defendant brings error. Affirmed.

*Earle & Hyde*, for appellant.

*William O. Webster*, for appellee.

HOOKER, J.  This cause is before us upon a finding of fact and law by the circuit judge, which shows:

1. That plaintiff is a farmer, and defendant a corporation engaged in the manufacture of oak veneer.

2. That plaintiff sold to defendant such timber, standing in the tree, on the lands of the plaintiff, as it deemed suitable for veneering purposes, with the license to defendant to cut down and remove the same, at $10 per 1,000 feet; and the defendant agreed to pay him therefor before shipping such timber from the railroad grounds at Clarksville.

3. That defendant, by its agent, selected such timber as it wanted, while standing in the tree.

4. That it employed choppers, and directed them what timber to cut.

5. That they cut down, and made logs of, such timber as they were directed to cut.

6. That the defendant caused such logs to be hauled to the railroad grounds at Clarksville.

7. That defendant thus took and removed 17,118 feet of lumber.

8. The first 5,000 feet that were cut were hauled to Clarksville, whereupon the same were scaled by defendant's agent, and, being paid for, were shipped to the defendant. The logs in controversy were cut afterwards. At the time the first log was scaled, defendant's agent told the choppers that logs as small as 24 inches at the small end would be taken. They cut no tree that did not include at least two logs that were afterwards scaled, but cut some logs which were excluded, as too small or defective, the same being top logs. They were hauled by the defendant to Clarksville, but were afterwards rejected.

9. The scaler scaled and marked 10,461 feet, but refused the remainder.

10. After the scaler had gone, the plaintiff was informed by defendant's agent, Mr. Post, that the defendant would take those scaled, but would not take the others. Plaintiff replied that, if defendant did not take all the logs, it ought not to take any of them; and Mr. Post informed the defendant thereof, and defendant decided it would not take any of the logs, and so informed Mr. Nash, and it did not take any of the logs.

The court held, as matter of law, that the timber taken by the defendant, was identified by cutting and removal of the same, and that the title passed as fast as the trees were severed from the realty. Judgment was rendered for the amount of such timber, at $10 per 1,000 feet, with interest.

Counsel for the defendant claim:

1. That the title to the timber remained in the plaintiff, inasmuch as it was not paid for, and that, as the defendant did not take the logs from Clarksville, this action for goods sold and delivered cannot be maintained.

2. That, under the undisputed evidence, it was not obliged to take the top logs, which were found to be unsuitable for its purposes.

The first proposition seems to rest upon the argument that, inasmuch as the timber was not to be shipped from Clarksville until paid for, title was reserved in the plaintiff, and would only pass to the defendant upon payment. Counsel say that "the finding ·that 'defendant agreed to pay the plaintiff therefor before shipping such timber from the railroad grounds,' as matters of law, would vest the title in the plaintiff until the logs were paid for." They further urge that the fact that Nash objected to the removal of the logs shows that the defendant did not receive the logs.

If the title to the logs actually passed to the defendant by the cutting of the trees, the fact that the plaintiff objected to the removal of a . part only was consistent with his rights under the contract, and we are not convinced that he could insist upon such rights only at the peril of releasing the defendant from its obligation to accept and pay for the logs. Upon the theory that the defendant had already received the logs, it had no right to refuse to pay for a part of them, and when the plaintiff asked it to comply with its contract, and not ship any until it did pay for all, abandon the property, and say that it never received it. If, however, the legal effect of the contract was that the title did not pass until the logs were paid for, the defendant's counsel are right in their contention that this action cannot be maintained. We are of the opinion that the prohibition of removal, either by the contract or the direction of the plaintiff in accordance therewith, was not inconsistent with the understanding that title and possession had passed to the defendant. Had the parties designed to have the title remain in the plaintiff until payment should be made, it would have been easy to express such intention; and, as we think the language used was consistent with ownership by the defendant, the court did not err in not

determining that the contract reserved the title to the logs, to the plaintiff, until payment should be made, or that there had not been a delivery to the defendant.

We are asked to hold that, upon the undisputed evidence, the defendant was under no obligation to accept the top logs, which were not suited to its purpose, and that it did not accept them; but we think there was evidence which made those questions disputed questions of fact, and the finding of the circuit judge is therefore final.

The judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.